UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANCE BLACKMAN,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br><br>THERESA CISNEROS, Warden,<br><br>　　　　　　　Respondent. | Case No.: 2:21-cv-02739-MEMF-JPR<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE [ECF NO. 22]** |

　　　The Court has reviewed the Petition (ECF No. 1), records on file, and Report and Recommendation of U.S. Magistrate Judge ("Report"), which recommends that judgment be entered denying the Petition as untimely and dismissing the action with prejudice (ECF No. 22). *See* 28 U.S.C. § 636(b)(1). Petitioner filed objections to the Report on March 23, 2022; Respondent did not reply. ECF No. 23 ("Objections" or "Objs.").

　　　Despite not opposing Respondent's motion to dismiss, even during the extra time the Court sua sponte extended him, Petitioner argues for the first time in his Objections that he deserves

1  equitable tolling because he is "vision impaired and can not even read his legal documents without
2  assistance."¹ Objs. at 1. He further contends that because his case is "private," he can't
3  ask other inmates for help, and "staff assistance is not available to assist with legal papers." *Id.*
4  Medical records attached to the Objections show that Petitioner has "[v]ision loss of right eye" and
5  "[i]njury of left optic nerve" and that on a particular day in July 2021 — well after the deadline for
6  filing the Petition had run — he was "adorning vision impaired vest and wearing sunglasses." Objs.
7  at 6. Neither his Objections nor the records provided indicate when his eye problems began or
8  whether he had them during the AEDPA limitation period.

Furthermore, Petitioner's filing of his Objections appears to bely any entitlement to equitable tolling. As stated in the Report, during all relevant times Petitioner *has* had access to any necessary legal assistance—which enabled him to file four state habeas petitions during the limitation period or shortly thereafter. *See* Report at 17. The filing of his Objections—which are cogent and attach relevant documentary evidence—demonstrates once again that he has access to help; he just has failed to demonstrate an entitlement to tolling even with that help. Petitioner's other objections simply repeat arguments the Magistrate Judge already addressed in the Report. *Id.* at 13–17 (concluding that "Petitioner's mental-health issues did not prevent him from filing a timely federal petition"), 18–19 (concluding that "[t]he prison's COVID-19 protocols did not affect Petitioner's ability to timely file the Petition").

/ / /

/ / /

---

[1] The Court notes that a district court may decline to consider issues presented for the first time in objections to a report and recommendation. *See United States v. Howell*, 231 F.3d 615, 621–623 (9th Cir. 2000) (district judge did not abuse discretion in refusing to consider factual allegations not presented to the magistrate judge); *see also Brown v. Roe*, 279 F.3d 742, 744–45 (9th Cir. 2002) (stating that a district court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation). Given the state of the record, the Court, in its discretion, is addressing the substance of this new issue.

      Having reviewed de novo those portions of the Report to which Petitioner objects, *see* 28 U.S.C. § 636(b)(1)(C), the Court accepts the findings and recommendations of the Magistrate Judge. It THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

Dated: March 22, 2023

                                  MAAME EWUSI-MENSAH FRIMPONG
                                        United States District Judge